**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DENZEL D. JOHNSON, SR., Plaintiff, | ) | Civil Action No. 2:25-CV-1305 |
| v. | ) | District Judge Nora Barry Fischer<br>Magistrate Judge Maureen P. Kelly |
| DR. LAUREL HARRY; TINA WALKER; CO. PATTERSON; *and* COMMONWEALTH OF PENNSYLVANIA, Defendants. | ) | |

**REPORT AND RECOMMENDATION**

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

## II. REPORT

Plaintiff Denzel D. Johnson, Sr. ("Johnson") is a state prisoner currently incarcerated in State Correctional Institution at Fayette ("SCI-Fayette") in La Belle, Pennsylvania.

This action was commenced with receipt of Johnson's *pro se* Complaint on August 27, 2025. In the Complaint, Johnson asserts federal civil rights claims under 42 U.S.C. § 1983 against the Secretary of the Pennsylvania Department of Corrections, the Superintendent of SCI-Fayette, a prison guard at SCI-Fayette, and the Commonwealth of Pennsylvania. ECF No. 1-1 at 2-3. Johnson states that he suffered physical and emotional harm after being transferred to SCI-Fayette in retaliation for filing an earlier civil rights case. Id. at 6-9. Johnson submitted a Motion for Leave to Proceed *in forma pauperis* ("IFP") and withdrawal authorization form along with the Complaint, ECF Nos. 1 and 1-2, but he did not include a certified copy of a prisoner trust fund account

statement as required by 28 U.S.C. § 1915(a)(2) or provide service copies of the Complaint as required by LCvR 10(B).

On September 16, 2025, this Court issued a Deficiency Order which required Johnson to provide a certified copy of a trust fund account statement and service copies of the Complaint. ECF No. 2 at 1. The Deficiency Order further required Johnson to complete and return a Consent to Jurisdiction of Magistrate Judge form as required by LCvR 10(E). Id. Johnson was given a deadline of October 16, 2025, to comply, and a copy of the Order was mailed to Johnson at his address of record along with blank copies of the forms in question. Id. at 2.

On September 25, 2025, Johnson submitted a completed Consent to Jurisdiction of Magistrate Judge form along with a second Motion for Leave to Proceed IFP and withdrawal authorization form. ECF Nos. 4 and 5. This response did not include a certified copy of Johnson's trust fund account statement as required by the Deficiency Order of September 16, 2025.

On November 3, 2025, this Court issued an Order to Show Cause which required Johnson to show why this case should not be dismissed for his failure to comply with the Deficiency Order by submitting a certified trust fund account statement. ECF No. 6. Johnson was given a deadline of December 3, 2025, to respond and was warned that failure to respond shall result in the dismissal of the case for failure to prosecute. Id. A copy of the Order was mailed to Johnson at his address of record. Id.

On November 25, 2025, Johnson filed a Response to the Order to Show Cause of November 3, 2025, in which he stated that the Inmate Accounts Office at SCI-Fayette refused to provide his trust fund account statement. ECF No. 7 at 1. At no time since this November 2025 filing has Johnson provided a copy of his trust fund account statement to the Court .

On June 25, 2026, out of an abundance of caution, this Court issued a second Order to Show Cause which ordered Johnson to provide a certified copy of his trust fund account statement as required by the Deficiency Order and first Order to Show Cause. ECF No. 8. Johnson was given a deadline of July 16, 2026, to respond and again warned that failure to comply may result in the dismissal of this case. Id. A copy of the Order was mailed to Johnson at his address of record. Id.

As of the date of this Report and Recommendation, Johnson has not responded to the second Order to Show Cause of June 25, 2026, nor provided a copy of his prisoner trust account statement.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action or claim if the plaintiff fails to prosecute or comply with a court order. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

The United States Court of Appeals for the Third Circuit has adopted a six-factor test to assess whether the sanction of dismissal is appropriate when a plaintiff fails to prosecute. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). The court should consider: 1) the extent of the party's personal responsibility, 2) any prejudice to the adverse party, 3) any history of dilatoriness, 4) whether the party's or attorney's conduct was willful or in bad faith, 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and 6) the merits of the underlying claim. Id. at 868. No single factor is dispositive, and not all factors must be satisfied to justify dismissal for lack of prosecution. Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019).

These six factors are considered in turn.

1. The extent of the party's personal responsibility

Johnson is proceeding in this matter *pro se*, and he is solely responsible for his filings and for complying with the Court's orders.

2. Prejudice to the adverse party

No adverse party has yet been served with the Complaint, and there is no evidence that Johnson's conduct has unfairly prejudiced any defendant.

3. History of dilatoriness

Johnson has not responded to the second Order to Show Cause of June 25, 2026, nor has he complied with the Deficiency Order of September 26, 2025, and first Order to Show Cause of November 3, 2025, by providing a certified copy of a trust fund account statement. This is sufficient evidence, in this Court's view, to indicate that Johnson does not intend to proceed with this case in a timely fashion.

4. Whether the party's or attorney's conduct was willful or in bad faith

There is no evidence on the record that Johnson's conduct has been the result of any "excusable neglect," Poulis, supra. The conclusion that this failure is willful is inescapable.

5. Alternative sanctions

Johnson is currently proceeding *pro se*. There is no indication on the record that alternative sanctions, such as monetary sanctions, would be effective.

6. Merits of the underlying claim

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-870. At this early stage, it is unclear whether Johnson's claims have merit.

Thus, at least four of the six Poulis factors clearly weigh against Johnson, and they support dismissal as an appropriate sanction when considered together.

## III. CONCLUSION

Based on the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed, without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: August 6, 2026

Respectfully submitted,

Maureen P. Kelly

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Nora Barry Fischer
United States District Judge

Denzel D. Johnson, Sr.
MS7487
SCI-Fayette
50 Overlook Drive
La Belle, PA 15450